GARNER *v.* DIXIE FIRE INS. CO.

(*Jackson,* April Term, 1949.)

Opinion filed October 7, 1949.

Petition to rehear denied December 10, 1949.

HARPER & GALLIMORE, J. W. RANKIN, all of Martin, for plaintiff in error.

MOSS & BENTON, of Jackson, for defendant in error.

464

 

MR. JUSTICE PREWITT delivered the opinion of the Court.

There was a verdict and judgment for the plaintiff in the trial court, which was reversed by the Court of Appeals on the ground that the permit attached to the policy was violated by the plaintiff. This permit contained the following provision:

"It is a condition of this insurance that the building (or buildings) shall be under the supervision and care of some competent person during the term of this permit, and doors and windows securely closed and locked, and all rubbish removed from said building (or buildings).

"It is a condition of this insurance that the vacancy or unoccupancy of the dwelling constitutes the vacancy or unoccupancy of the entire premises."

The fire which destroyed the dwelling house occurred at night, within the period provided for in the vacancy permit. Its origin was unknown. The dwelling was located five or six miles from Dresden, about one and one-half mile off the Latham Road, the nearest dwelling being about a half mile away. Thus situated, it is apparent why the provision in the permit called for the supervision of the premises by some competent person; yet this provision was not carried out, as the proof shows that the doors and windows were not securely closed and

locked. Not having met this provision of the permit, trespassers, irresponsible persons and prowlers could enter the dwelling if they so chose.

Section 6126 of Williams' Code provides:

"No written or oral misrepresentation or warranty therein made in the negotiations of a contract or policy of insurance, or in the application therefor, by the assured or in his behalf, shall be deemed material or defeat or void the policy or prevent its attaching, unless such misrepresentation or warranty is made with actual intent to deceive, or unless the matter represented increase the risk of loss."

In *Hughes Bros.* v. *Aetna Ins. Co.*, 148 Tenn. 293, 255 S. W. 363, it was held that the above-quoted section of the Code had been considered thoroughly in the cases of *Volunteer State Life & Ins. Co. v. Richardson*, 146 Tenn. 589, 244 S. W. 44, 26 A.L.R. 1270, and *Mutual Life Ins. Co. v. Dibrell*, 137 Tenn. 528, 529, 194 S. W. 581, L.R.A. 1917E, 554. In the Hughes case this Court said, 148 Tenn. at page 301, 255 S. W. at page 365:

"These cases show that the thing misrepresented need not necessarily be one that increases the hazard in the sense that it actually occasions or contributes to the loss. If on the contrary the matter misrepresented 'increases the risk' involved in the issuance of the policy, in the judgment of the court, then it may avoid the contract. . . . .

"The substance of these cases is that a misrepresentation about any matter of sufficient importance, in the opinion of the court, to naturally and reasonably influence the judgment of the insurer in making the contract, is a misrepresentation that 'increases the risk of loss' within the sense of our statute."

There is no doubt in our minds that the positive provision of the permit was violated so as to "increase the risk of loss," as the dwelling which was destroyed by fire was located in a rural section where the nearest dwelling was a half mile, or more, away.

In the brief before us, counsel argues that plaintiff was a man of limited education and did not read the language contained in the permit. However this may be, plaintiff knew that if the premises were unoccupied he would have to have a permit for his insurance to remain in force. This was a matter of contract, which he violated.

We find no error in the judgment of the Court of Appeals, and the writ must, therefore, be denied.

All concur.